**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3518-22

REBECCA MCCARTHY,

    Plaintiff-Respondent,

    v.

CARE ONE MANAGEMENT, LLC,
and ALISON FITZPATRICK-
DURSKI,

    Defendants-Appellants.

_____

Argued December 5, 2023 – Decided January 16, 2024

Before Judges Whipple, Mayer and Paganelli.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8657-16.

Bruce H. Nagel argued the cause for appellant Care One Management, LLC (Nagel Rice, LLP and O'Toole Scrivo, LLC, attorneys; Bruce H. Nagel, Robert H. Solomon, Thomas P. Scrivo, and Michael J. Dee, of counsel and on the briefs).

Paul R. Castronovo argued the cause for respondent (Castronovo & McKinney, LLC, attorneys; Thomas A.

McKinney, Paul R. Castronovo, and Edward W. Schroll, on the brief).

PER CURIAM

By way of leave granted, defendant Care One Management, LLC (Care One)[1] appeals from a June 8, 2023 order denying its motion to disqualify the law firm of Castronovo & McKinney, LLC, from further representation of plaintiff Rebecca McCarthy. We affirm.

In our prior opinion, McCarthy v. Care One Management, LLC, No. A-2542-19 (App. Div. July 12, 2021) (slip op. at 1), we affirmed the jury's award of compensatory damages to plaintiff. We also determined "an award of punitive damages against Care One was warranted." Id. at 12. However, contrary to N.J.S.A. 2A:15-5.12(c), "the jury assessed punitive damages . . . without the benefit of any evidence regarding Care One's financial condition." Id. at 13. Thus, we concluded "[u]nder these circumstances, the award must be vacated and a new trial as to punitive damages must be conducted after an opportunity for discovery of relevant information." Id. at 14. We expressly directed discovery of "evidence regarding Care One's financial condition . . . ,

---

[1] Defendant's current corporate designation is ABC 1857, LLC f/k/a Care One Management, LLC.

including [] balance sheets and cash flow statements, as well [as] documents and information regarding [Care One's parent]." Id. at 13.

Based on our remand instructions, plaintiff served Care One with requests to produce documents. Plaintiff's document requests included not only Care One's financial documents but financial documents from related corporate entities. Plaintiff subsequently filed two separate motions seeking to compel Care One to provide discovery related to its financial condition. On June 7, 2022, and again on January 13, 2023, the judge partially granted plaintiff's motions and ordered Care One to produce its financial documents but not documents concerning the financial condition of related corporate entities.

To comply with the first order compelling discovery, on June 10, 2022, Care One's Executive Vice President and Chief Legal Officer, Ricardo Solano, sent an email to Howard Tepper, Care One's Senior Vice President of Finance, asking him to "designate somebody . . . to work with [Care One's outside counsel] on identifying what potential records [Care One] ha[s] to produce to satisfy [its] discovery obligation." Tepper designated Care One's Accounting Manager, Harriet Sarna, to provide Care One's financial documents. On June 13, 14, and 15, 2022, Sarna provided Care One's counsel with payroll records, general ledgers, and W-3 forms for 2016 through 2020.

On June 16, 2022, Tepper and Sarna spoke with Care One's in-house and outside counsel to discuss Care One's compliance with the court's June 7, 2022 order compelling discovery. According to Care One, during this conference call:

> [T]he participants, led by . . . Tepper, reviewed and analyzed certain financial documents maintained by Care One to determine whether they were encompassed by . . . the [c]ourt's June 7, 2022 order. The call . . . involved a detailed discussion . . . regarding the details of Care One's financial records, including how those records [were] generated and recorded . . . [,] [in order to] produc[e] relevant and responsive records.

The next day, Care One produced approximately one thousand pages of financial documents to plaintiff.

On November 22, 2022, plaintiff filed another motion to compel discovery, "seeking records related to not only . . . Care One . . . but also various related entities." In a January 13, 2023 order, the judge required Care One to produce "detailed financial information, including tax records; income records; profit and loss records and related information for Care Services . . . and Care One."

On January 26, 2023, Tepper again spoke with Care One's in-house and outside counsel to discuss Care One's compliance with the January 13 order. On January 30, 2023, one of Care One's outside counsel circulated a draft cover

4

letter to accompany the financial documents produced in response to the court's January 13 order. Counsel asked Tepper to review the draft letter for accuracy. Later that day, Care One asserted Tepper communicated with Care One's counsel by email and telephone to discuss "information and figures contained [i]n the financial records . . . to determine [the] relevance and responsiveness of the documents proposed to be produced."

On February 5 and 22, 2023, Tepper forwarded confidential financial documents regarding Care One to his personal email account. According to Care One, Tepper's decision to forward these emails to his personal email account violated the terms of his employment. Specifically, Care One claimed Tepper was prohibited from using Care One's proprietary information and confidential records "for [his] own purpose or for the benefit of any individual or entity other than [Care One]."

On February 24, 2023, Care One fired Tepper. Tepper then retained Castronovo & McKinney to represent him in negotiating a severance package. Castronovo & McKinney sent a March 6, 2023 letter to Care One, alleging Care One violated Tepper's rights by "firing him in retaliation for disclosing and

refusing to participate in [Care One's] illegal conduct."[2]  The letter offered to release Tepper's legal claims against Care One in exchange for "a fair severance package."[3]

In response, Care One sent a March 31, 2023 letter to Castronovo & McKinney, asserting the law firm's representation of Tepper would result in disclosure of confidential and privileged information relevant to plaintiff's punitive damages case.  Care One claimed Tepper had no right to disclose privileged information to Castronovo & McKinney.

A week after sending that letter, Care One filed a motion to disqualify Castronovo & McKinney from further representing plaintiff in the punitive damages retrial due to the law firm's violation of the Rules of Professional Conduct (RPCs).  In opposition to the disqualification motion, Tepper certified his involvement with plaintiff's case was limited to "gather[ing] documents, without any explanation or input."  Tepper denied possessing "privileged

---

[2]  Tepper asserted a whistleblower claim against Care One under the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14.  Tepper claimed he was fired by Care One for objecting to Care One's plan to pay State penalties rather than properly staff its healthcare facilities and challenging the company's characterization of certain business expenses.

[3] According to information in the record, Tepper eventually retained a different law firm to pursue legal action against Care One.

information or documentation from Care One, including regarding [Care One's] defense" in plaintiff's litigation.

In a May 8, 2023 order, the judge denied Care One's disqualification motion without prejudice. In denying the motion, the judge explained he lacked "specifics and details" of Tepper's alleged involvement in Care One's defense beyond Care One's "conclusory statements." The judge stated Care One had to provide "concrete information" that Tepper provided privileged and confidential information to Castronovo & McKinney and was involved in strategic discussions about plaintiff's punitive damages retrial to warrant disqualification.

Care One subsequently renewed its disqualification motion and submitted additional certifications and exhibits. In opposing the renewed motion, Paul Castronovo certified Tepper did not provide any privileged information or materials related to plaintiff's retrial to him or to his law firm. Additionally, Castronovo denied having any knowledge or possession of the redacted emails Care One provided to the court for in camera review in deciding the disqualification motion.

In a June 8, 2023 order, the judge again denied the disqualification motion. In deciding the renewed disqualification motion, the judge conducted a "detail[ed]" in camera review of "the exhibits[,] including emails and

certifications submitted by [Care One's] counsel." After considering the legal arguments and reviewing documents in camera, the judge found Care One "failed to meet the heavy burden required for disqualification." The judge rejected Care One's contention that Castronovo & McKinney violated the RPCs and declined to disqualify the law firm from continuing to represent plaintiff. The judge stated:

> When considering a motion to disqualify . . . , [the] movant bears the burden of proving the disqualification is appropriate due to . . . an RPC violation. RPC 1.13 controls here.
>
> It has to be established that . . . Tepper was responsible for or significantly involved in the organization's legal position of the matter and did not merely provide information or data. . . . Motions to disqualify are viewed with disfavor[,] and disqualification [is] considered a drastic measure which courts should hesitate to impose[] except when absolutely necessary.
>
> . . . It's this [c]ourt's view that [Care One] [did not] meet [its] burden of showing that . . . Tepper was significantly involved in litigation control. Instead[,] what is revealed through the e-mails is that . . . Tepper was involved with production of documents and data.
>
>     . . . .
>
> There's a lot of . . . inference and innuendo, but there's nothing here that tells me specifically . . . an attorney . . . involved in that litigation strategy . . . met with . . . Tepper and had discussions as to legal strategy . . . .

8

> It sounds to me that . . . Tepper responded to their inquiries for documents. If they had a question about the document . . . , he would respond to that. But he . . . didn't determine how [Care One] . . . implement[ed] its legal strategy.

On July 20, 2023, we granted Care One's motion for leave to appeal the order denying disqualification of Castronovo & McKinney from further representation of plaintiff.

On appeal, Care One contends the judge erred by failing to disqualify Castronovo & McKinney under RPC 4.4. Care One argues Castronovo & McKinney, during its representation of Tepper, obtained confidential and privileged information relevant to plaintiff's case and must be disqualified because it obtained evidence in violation of Care One's rights. We reject these arguments.

We review a trial court's determination on a motion to disqualify counsel de novo. City of Atlantic City v. Trupos, 201 N.J. 447, 463 (2010); see also Greebel v. Lensak, 467 N.J. Super. 251, 257 (App. Div. 2021). In reviewing a motion for the disqualification of counsel for an adversary based on the RPCs, we are required to "balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel." Twenty-First Century Rail Corp. v. N.J. Transit Corp., 210 N.J.

A-3518-22

264, 273-74 (2012) (quoting Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988)).  "[T]o strike that balance fairly, courts are required to recognize and to consider that 'a person's right to retain counsel of his or her choice is limited in that there is no right to demand to be represented by an attorney disqualified because of an ethical requirement.'"  Id. at 274 (citations omitted).

"Disqualification of counsel is a harsh discretionary remedy which must be used sparingly."  Dental Health Assocs. S. Jersey, P.A. v. RRI Gibbsboro, LLC, 471 N.J. Super. 184, 192 (App. Div. 2022).  Additionally, disqualification motions are "viewed skeptically in light of their potential abuse to secure tactical advantage."  Escobar v. Mazie, 460 N.J. Super. 520, 526 (App. Div. 2019) (citing Dewey, 109 N.J. at 218).

Care One argues Castronovo & McKinney violated RPC 4.4(a) by obtaining information regarding Care One's privileged litigation strategy related to plaintiff's punitive damages retrial and Care One's confidential financial documents.  Care One asserts Tepper improperly emailed confidential financial documents to his personal email and shared those documents with Castronovo & McKinney.

RPC 4.4 addresses "[r]espect for [r]ights of [t]hird [p]ersons." Under RPC 4.4(a), "[i]n representing a client, a lawyer shall not use . . . methods of obtaining evidence that violate the legal rights of such a person." Care One argues Tepper possessed protected and privileged information regarding Care's One litigation strategy in producing financial documents responsive to the June 7, 2022 and January 13, 2023 court orders.

Care One contends Tepper communicated with its in-house and outside counsel regarding corporate financial documents to be produced to plaintiff and provided legal advice regarding those documents such that the communications were protected by the attorney-client privilege. Care One portrays Tepper's involvement in the production of financial information responsive to the court's orders as "assist[ing] Care One's attorneys in providing legal advice concerning [plaintiff's] litigation." However, based on Tepper's certification in opposition to Care One's first motion to disqualify Castronovo & McKinney, Care One mischaracterizes and overstates Tepper's function.

Tepper aided in gathering documents on Care One's behalf related to the disclosure of the company's financial condition relevant to plaintiff's punitive damages retrial. In his certification, Tepper asserted he engaged in the following activities: (1) instructed Sarna to provide financial records to be produced in

11

response to the judge's orders; (2) determined the documents constituting Care One's "financial records"; (3) reviewed for accuracy a draft cover letter to Castronovo & McKinney enclosing the responsive discovery documents; and (4) provided information regarding Care One's financial records, including how those records were generated and recorded.

Based on the information contained in the motion record, Tepper's involvement was correctly characterized by the judge as "the supplying of factual information or data respecting the matter." Tepper participated in culling financial documents relevant to Care One's financial condition as ordered by the judge. Care One's certifications in support of its disqualification motion simply explained Tepper's role in the selection of its financial documents produced to Castronovo & McKinney.

Accepting as true that Tepper explained certain financial documents to Care One's counsel, such discussions did not constitute legal strategy. Care One's counsel had to decide which financial documents were responsive to the court's orders. Ultimately, Care One's counsel was responsible for producing all documents relevant to Care One's financial condition and certifying Care One's compliance with the judge's orders.

12

Care One does not claim the documents it produced to Castronovo & McKinney are privileged. Because Care One presumably produced all documents in its possession responsive to the judge's orders, the means and manner related to the production of the documents lacks any relevance related to plaintiff's punitive damages retrial. Thus, any discussion Tepper may have had with Care One's counsel regarding the production of the company's financial documents would not be evidence at the retrial.

Consistent with our prior opinion, documents produced by Care One evidencing its financial condition must be presented to the jury during the punitive damages retrial under N.J.S.A. 2A:15-5.12(c)(4). To the extent Castronovo & McKinney might consider using documents related to Care One's financial condition which were not produced by Care One's counsel, unless the documents were otherwise publicly available, the potential consequences to the law firm could be far more severe than disqualification.

However, on this record, we are satisfied Care One failed to meet its heavy burden of demonstrating Castronovo & McKinney violated RPC 4.4(a) to warrant disqualification of the law firm from continued representation of plaintiff. Care One proffered "inference and innuendo" that Castronovo & McKinney obtained, reviewed, and intended to use Care One's confidential

financial documents in connection with plaintiff's punitive damages retrial. We are confident the trial judge will be able to address a disqualification motion during the retrial if Castronovo & McKinney attempt to produce as evidence of Care One's financial condition any documents not previously produced by Care One in response to the court's orders or documents not otherwise available to the general public.

At this juncture, Care One failed to demonstrate Tepper disclosed to Castronovo & McKinney any confidential and privileged information or material to be used during plaintiff's punitive damages retrial. To prevail on its disqualification motion, Care One had to demonstrate Castronovo & McKinney violated the RPCs. Care One has failed to do so on the present record.

Because we are satisfied Castronovo & McKinney did not violate any ethical rules on the record before us, we need not address the federal cases from other jurisdictions and unpublished cases relied upon by Care One in support of its arguments on appeal. First, those cases are not binding on this court. In addition, the cases are premised upon judicial determinations that the actions of the adverse law firms constituted ethical violations.

During the punitive damages retrial, if Castronovo & McKinney were to use unlawfully obtained confidential or privileged information, then RPC 4.4(a)

14

may be triggered. We take no position whether a situation may arise during the course of the punitive damages retrial warranting renewal of Care One's motion to disqualify Castronovo & McKinney. Nor do we offer any opinion as to the propriety of the law firm's conduct under these unique circumstances.

To the extent we have not addressed any of Care One's remaining arguments, those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3518-22